Judge Undeiiwood,
delivered the opinion of'the court.
This WaS an act‘on assumpsit. The court sustained a demurrer to the fifth count. This opinion of the court is complained of. We think the court erred. The count avers that the plaintiff and defendant on the-day of-1827, at the circuit, &c. mutually accounted together of and concerning their mutual dealings, before that time had between them; and upon such accounting the defendant was found in arrear ^140; and being so in arrear, the defendant then and there, in consideration thereof’ promised to pay the plaintiff a horse worth I60 UP011 request, and $73 in money when requested. • The breach is assigned in the non-payment of the money. We regard the count as setting out a spe *557 cial undertaking on the part of the defendant, to pay a horse of a certain value and so much money, in consideration of a larger sum found to be due plaintiff, on settlement; and we see no possible objection to it, unless it be, that it is not averred that the plaintiff agreed to accept the horse and lesser sum, in discharge of the greater, found to be due him. Such acceptance necessarily follows from the af-firmance of the contract by sueing upon it; and as the consideration is ample, upon which to support the promise of the defendant; we are of opinion that the averments of the count being admitted by the demurrer, shewed a right to recover to the extent of the breach assigned.
Party may in-his i^mi^aken* or has not ’ told the truth, cannot81'after introducing him, iinpeimh hn credibility by other wit-ne«se*.
*557 After all the plaintiff's evidence was heard, the court, on motion of the defendant, instructed the jury to find as in case of a non-suit. This instruction is complained of, and; as we think, not without cause. The deposition of Cooke sustained the count for money lent and advanced to some extent beyond all doubt. Cooke speaks of a loan of <$63 in United States’ paper and specie, without saying how much of each was lent; and speaks of $10 in silver, previously lent. It may be said that this money,and the lending ofit, became merged in the special agreement detailed by the witness Green, and that as there was no count embracing that special agreement in all its particulars, the plaintiff could not cut it up and recover by parcels. Such an agreement, if true, did not justify the instruction; because it belonged to the jury to decide whether the loan had so lost its character by a subsequent agreement between the parties, as not to be recoverable under the general count for money lent and advanced. If a subsequent agreement could have such an effect, the instruction should be predicated upon the jury’s conviction of the existence of the fact arising from the evidence. Whenever the court undertakes to decide that the character of a loan has been changed, it encroaches on the province of the jury, unless the witness who establishes loan, likewise proves that its character has been changed. Between the different statements of different witnesses, the jury must decide; and it is competent for a party to insist that his witness is mistaken, or has. pot told the truth; although he cannot, after *558 introducing him, impeach his incredulity by other witnesses.
Walker for plaint!if; Monroe for defendant.
Judgment reversed with costs, and cause remanded' for proceeding not inconsistent herewith, °